[No. 16031.    Department Two.—December 10, 1895.]

J. J. RAUER, RESPONDENT, v. DAVID FAY, APPELLANT.

110  361
s128 524

STREET WORK—PRIVATE CONTRACT—ACTION BY ASSIGNEE—PLEADING— EVIDENCE—VARIANCE—UNCERTAINTY OF CONTRACT.—In an action to foreclose a lien for street work under a private contract, which had been assigned to the plaintiff, where the contract and the contents of the lien are pleaded merely according to their legal effect, and the complaint counts upon a contract to grade the south half of a street between certain cross streets, a contract offered in evidence which merely provides for the grading of one-half of the street, but is silent as to which half is to be graded, it is too uncertain and indefinite to be admissible in evidence under the allegations of the complaint.

ID.—RIGHT OF LIEN NOT ASSIGNABLE—WORK DONE BY ASSIGNOR—OMISSION OF MATERIAL FINDING. — Although a perfected lien may be assigned, the mere right to a lien in the present or future is not assignable; and in an action by an assignee to foreclose a lien, where the evidence established without contradiction that part of the work of grading upon which plaintiff claims a lien was performed by his assignor before the assignment, and the answer raises an issue upon that question, such issue is material, and a failure to find thereon is ground of reversal of a judgment in favor of the assignee.

ID.—CONDITIONAL NEW TRIAL ORDER—REMISSION OF PART OF RECOVERY —SILENCE OF RECORD—PRESUMPTION.—Where the court below denied a motion for a new trial upon condition that plaintiff should remit ten per cent of the amount of his recovery, if the record is silent as to the cause of the remission, it cannot be presumed that the reduction was on account of labor performed by the plaintiff's assignor, where the evidence shows that a portion of the work was never completed, and the remission might have been made on that account.

Id.—Evidence — Release by Contractor at Time of Contract.—A paper executed simultaneously with the contract relied upon by the plaintiff, in which the contractor certified that he had no claim upon the defendant for any work performed on the street in question by another person named, or by himself or assigns, in doing the balance of grading on the street, is admissible in evidence for the purpose of showing that it was the intention of the contractor to release the plaintiff from all liability.

Id.—Object of Contract—Nominal Signature—Knowledge of Contractors—Fraud—Province of Court.—If the contract was signed by the defendant only as a nominal party to enable the parties in interest to secure a sufficient number or proportion of the landowners on the block to obtain a permit from the superintendent of streets to make the improvement, and this was done with the knowledge and consent of the other contractors, it would not be a fraud upon them; but if it was a secret or side agreement between the contractor and defendant, made in fraud of the rights of the other contracting parties, the court may investigate and determine that question.

Id.—Rights of Assignee—Knowledge of Release.—An assignee of the contract for street work takes such contract *cum onere*, subject only to the duty of defendant to notify him of any conditions not specified in the contract itself, and the mere fact that the plaintiff was not aware of a release of the defendant at the time he took an assignment of the contract is of no moment.

Id.—Notice of Lien—Substantial Compliance with Statute.—Where a notice of lien as filed complies substantially with the requirements of the statute it is sufficient.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WALTER H. LEVY, Judge.

The facts are stated in the opinion.

*William H. Chapman*, for Appellant.

It is the duty of the trial court to find upon all the material issues made by the pleadings, whether evidence be introduced or not, and if there is no finding on a material issue the judgment cannot be supported. (*Speegle* v. *Leese*, 51 Cal. 415; *Golson* v. *Dunlap*, 73 Cal. 161; *Leviston* v. *Ryan*, 75 Cal. 294; *Monterey County* v. *Cushing*, 83 Cal. 510.) Failure to make findings upon a material issue is proper ground for a new trial, as such failure is considered to be a decision " against law." (*Brison* v. *Brison*, 90 Cal. 328; *Langan* v. *Langan*, 89 Cal. 195; *Spotts* v. *Hanley*, 85 Cal. 168; *Knight* v. *Roche*, 56

Cal. 15.) Several contracts relating to the same matters between the same parties, and made parts of substantially the same transactions, are to be taken together. (Code Civ. Proc., sec. 368; Civ. Code, sec. 1642; *Uhlhorn* v. *Goodman*, 84 Cal. 189; *Brickell* v. *Batchelder*, 62 Cal. 633; *St. Louis Nat. Bank* v. *Gay*, 101 Cal. 286.) No recovery can be had on a lien that does not state the actual contract. (*Reed* v. *Norton*, 90 Cal. 590; *Wagner* v. *Hansen*, 103 Cal. 107; *Jones* v. *Shuey* (Cal., Apr. 3, 1895), 9 Cal. Dec. 179.) A lien filed by an assignee of the contractor who did the work is void. (Code Civ. Proc., sec. 1202; *Mills* v. *La Verne Land Co.*, 97 Cal. 254; 33 Am. St. Rep. 168; *McCrea* v. *Johnson*, 104 Cal. 224.)

*Shadburne & Herrin*, for Respondent.

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument. (Civ. Code, secs. 1625, 1698; *Brady* v. *Bartlett*, 56 Cal. 350; *Himmelmann* v. *Reay*, 38 Cal. 163; *Nolan* v. *Reese*, 32 Cal. 484; *Chambers* v. *Satterlee*, 40 Cal. 520; *Himmelmann* v. *Hoadley*, 44 Cal. 214.) Failure to find upon a fact that would not affect the judgment is harmless. (*Morrison* v. *Stone*, 103 Cal. 94.) The statement in the lien of the terms of the contract was sufficient, a substantial compliance with the statute being all that is required. (*Blackman* v. *Mariscano*, 61 Cal. 638; *Tredinnick* v. *Red Cloud Min. Co.*, 72 Cal. 80.)

SEARLS, C.—This is an action to foreclose a lien for street work performed under a private contract, and in which a lien was filed pursuant to section 1191 of the Code of Civil Procedure.

Plaintiff had judgment, from which, and from an order denying his motion for a new trial, defendant appeals.

The complaint is in the usual form; pleads a contract between defendant and one J. G. Duffy, the assignment

thereof to plaintiff by Duffy, the performance of the work by plaintiff, and the filing of the lien, etc. The contract and the contents of the lien are pleaded according to their legal tenor and effect, and not *in hæc verba*.

The complaint counts upon a contract to grade the south half of Chestnut street, from Jones street to Leavenworth street, San Francisco.

The answer, after denying a number of the allegations of the complaint, proceeds to aver that prior to April, 1892, defendant had procured to be graded all the portion of Chestnut street in front of his property by third parties, and had paid therefor; that portions of the street in front of property of other parties remained ungraded; that Duffy desired defendant to sign a contract with him for the grading of the whole of Chestnut street, from Jones to Leavenworth street, for the purpose of enabling him, the said Duffy, to procure a permit from the superintendent of public streets, etc., of said city and county for doing said unfinished grading; that Duffy thereupon agreed that if defendant would sign said contract for said purpose, that he, the said defendant, should not be held liable for the payment of any portion of the price of such grading; that thereupon defendant signed the contract for said purpose only, and that said Duffy then and there made, executed, and delivered to defendant a full acquittance and discharge from any and all liability on said contract by reason of defendant signing the same, etc., stating, in terms, that the grading on the south side of the street in front of defendant's property was already done, and that plaintiff was fully informed of all the above facts before he performed any work upon the street.

The answer further alleges that the contract, in terms, required the grading of the whole of the street, but that prior thereto the entire north half thereof had been graded by third parties.

Defendant further alleges that the assignment of the contract by Duffy to plaintiff was as collateral security for a loan, and that the former still has an interest

therein; that no work was done under the contract in front of defendant's property, etc.

The answer also avers that Duffy commenced the work of the unfinished grading, and finished one-half thereof before the assignment of the contract to plaintiff.

The record in the case bristles with irregularities, uncertainties, and errors, for which the judgment and order appealed from must be reversed.

1. The complaint and notice of lien, as filed, are predicated upon a contract for grading the south half of Chestnut street, between Jones and Leavenworth.

There was a written contract entered into April 25, 1892, between J. G. Duffy, as a contractor, and the defendant and others, which contract was subsequently assigned to plaintiff. This contract was offered in evidence, and is as follows:

" This agreement, made and entered into this 25th day of April, A. D. 1892, by and between J. G. Duffy, of the city and county of San Francisco, state of California, party of the first part, and certain owners of property, lots, and land fronting on Chestnut—½ street, between Jones and Leavenworth streets, in the city and county above mentioned, whose names are hereunto subscribed, each contracting severally, parties of the second part;

"Witnesseth, that the said party of the first part, for and in consideration of the covenants of the said parties of the second part, hereinafter expressed, promise, covenant, and agree to and with the said parties of the second part that he will furnish all the materials and perform the work of constructing, in a good and workmanlike manner, in front of the property here represented, and to the satisfaction of the superintendent of public streets of said city and county. To grade to official line and grade for the sum of five dollars ($5) per front foot.

"And the said parties of the second part, in consideration of the premises, each for himself, or herself, and not for the others, promises, covenants, and agrees to and with the said party of the first part that he or she will pay to the said party of the first part, upon the com-

pletion of the work aforesaid, his or her *pro rata* share of the total cost of the above described work, together with the incidental expenses, according to the ratio that his or her frontage bears to the whole frontage here represented, and in accordance with the rule established by the street law.

"In witness whereof, the said parties to these presents have hereunto set their hands and seals the day and year aforesaid.        J. G. DUFFY, [L. S.]
"Contractor.

"No. feet fronting on each street:

|  | Feet. | Inches. |
|---|---|---|
| Clara Finley per John Finley | 137 | 6 |
| Johanna H. Wright per Selden S. Wright | 46 | 0 |
| Daniel Rogers and R. C. Bolton, Executors of the Last Will and Testament of James R. Bolton, deceased | 49 | 6 |
| David Fay | 80 | 0 |
| R. G. Welsh | 100 | 0" |

From the foregoing it will be observed that the only direct allusion to the street is in speaking of the " certain owners of property, lots, and land fronting on Chestnut $\frac{1}{2}$ street," etc. The only obligation of the contractor is to furnish the material and perform the work of constructing in a good and workmanlike manner in front of the property represented, and to " grade to official line and grade" to the satisfaction of the superintendent of streets. What is to be graded can only be inferred. If it is the street and one-half of it, what half? The contract is silent on this question. Possibly, had the contract been set out in the complaint, with proper averments of the intention and object of the parties, it might upon proof have been so reformed as to be available as a basis for a recovery. As it stands, it is too uncertain and indefinite to entitle it to be admitted in evidence under the allegations of the complaint, and appellant's objection to its admission should have been sustained.

2. It is established by the evidence without contra-

diction that a portion of the work of grading the south half of the street was performed by the contractor, Duffy, before the assignment to plaintiff.

Defendant testifies that one-half of it was done by Duffy. Duffy himself testified that it was much less than half, and plaintiff testified that one-tenth part only was graded, yet his notice and claim of lien was for all the work of grading the south half of the street.

This question was by the pleadings made an issue in the case, and under the evidence there should have been a finding thereon. It was a material issue, for the reason that while Duffy could assign his contract and thereby entitle the plaintiff to a personal judgment for any amount due him, he could not assign his right to a lien as security for the payment of what might be due him.

A perfected lien may be assigned, or rather it passes with an assignment of the demand for which it stands as security. The mere right to take a lien in the present or future is not assignable. (*Mills* v. *La Verne Land Co.*, 97 Cal. 254; 33 Am. St. Rep. 168.)

If it be urged that the court below found that plaintiff performed all the work under the contract, the answer is that there is not a particle of evidence in support of such a finding, and the evidence is positive that he did not do it all. And as this finding is assailed, as well as the failure of the court to find the share or proportion of the grading performed by Duffy and the proportion by his assignee, the plaintiff, the error is not cured.

It is true that, when the court below came to pass upon defendant's application for a new trial, it denied the motion upon condition that plaintiff remit ten per cent of the amount of his recovery, and it is said by respondent that this deduction was on account of labor performed by the original contractor. The record is silent as to the cause of the remission, and, in the face of the evidence, which showed that a small portion of the work was never completed, it may, with equal propriety,

be inferred that the required remission was on the latter account.

3. At the trial defendant, after proof of its execution simultaneously with the contract, offered in evidence the following paper executed by Duffy, the contractor:

"San Francisco, April 27, 1892.

"This is to certify that I have no claim on Mr. Fay for any work performed on Chestnut street by Mr. A. E. Buckman, myself, J. G. Duffy, or assigns, in doing the balance of grading on Chestnut street.

"J. G. Duffy."

To the introduction of which plaintiff objected; the objection was sustained and the ruling is assigned as error.

We think that upon its face this document, which may be termed a release, was admissible.

It may have been executed because the street in front of defendant's premises had been graded by Buckman, the individual therein mentioned, and already paid for by defendant, or it may have been because such grading had been done, and that defendant was, as stated in the answer, only a nominal party to the contract to enable the parties in interest to secure a sufficient number or proportion of the landowners on the block to obtain a permit from the superintendent of streets to make the improvement. This, if done with the knowledge and consent of the other contractors, was in nowise a fraud upon them.

If it was a secret or side agreement between the contractor and defendant, made in fraud of the rights of the other contracting parties, that fact was open to investigation, and upon a full inquiry the court could have readily determined the question. The mere fact that the plaintiff was not aware of this release at the time he took an assignment of the contract is of no moment. He must be deemed to have taken such contract *cum onere*, subject only to the duty of defendant to notify him of any conditions not specified in the contract itself, such as its full execution, payment thereunder, etc.

4. The notice of lien as filed complied substantially with the requirements of the statute, and is deemed sufficient.

The judgment and order appealed from should be reversed and the cause remanded, with leave to plaintiff to amend his complaint if he shall be so advised.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded, with leave to plaintiff to amend his complaint if he shall be so advised.

McFARLAND, J., TEMPLE, J., HENSHAW, J.