[L. A. No. 6555. In Bank.—March 25, 1921.]

EDWARD F. PARKER, Appellant, v. B. E. FUNK, Respondent.

[1] CONDITIONAL SALES CONTRACT — ACKNOWLEDGMENT OF DELIVERY OF UNCOMPLETED AND UNDELIVERED ARTICLE—RIGHT OF POSSESSION OF BUYER.—Where a conditional sales contract of an automobile truck to be assembled from certain units contained an acknowledgment of the receipt of the property and that it was in good condition and repair, whereas in fact there was no actual delivery of anything to the buyer, and the buyer subsequently obtained possession of one of the units from the sheriff upon a third-party claim, the actual possession so obtained by the buyer was a lawful possession as between him and the seller, and he was entitled to hold such possession until he was in default under the contract for the non-payment of some installment of the purchase price.

[2] ID.—DUTY OF SELLER — DELIVERY OF COMPLETED MACHINE.—Where a conditional sales contract of an automobile truck to be assembled

from certain units contained an acknowledgment of the receipt of the property and that it was in good condition and repair, whereas in fact there was no actual delivery of anything to the buyer, and the buyer subsequently obtained possession of one of the units from the sheriff upon a third-party claim, the seller had not the right to retake possession of such unit upon the buyer's failure to make the payments as provided in the contract, since the obligation to pay was subject to the implied condition that the seller deliver a completed machine, and until the remaining units were delivered, or a request made for the possession of the unit in question to complete the assembling of the machine, the seller was in default.

[3] ID.—Assignment of Contract—Rights of Assignee of Seller.— The assignee of the seller under a conditional sales contract takes the contract and the title to the article specified in the contract subject to any rights which exist in favor of the buyer against the seller.

[4] ID. — Acknowledgment of Receipt of Undelivered Article— Showing of Nondelivery Against Assignee of Seller—Want of Estoppel by Contract.—The acknowledgment by the buyer in a conditional sales contract that he had received the subject of the sale and that it was in good condition and repair, whereas in fact he had received nothing, did not constitute an estoppel by contract precluding him from showing as against the assignee of the seller the fact of nondelivery, since the acknowledgment of the receipt of the article was in effect an acknowledgment of the receipt of the consideration received by the buyer for the contract, and it is always open to a party to dispute the recital of consideration.

[5] ID. — Want of Estoppel in Pais.—The recital in a conditional sales contract of the receipt of the buyer of the article sold, whereas in fact there was no delivery, did not create an estoppel *in pais* precluding him from showing such nondelivery as against the assignee of the seller, since such recital was not intended as a representation to be acted upon by third persons.

[6] Estoppel in Pais — Theory of Doctrine. — The doctrine of estoppel *in pais* proceeds upon the theory that the party estopped has by his declarations or conduct misled another to his prejudice, so that it would be a fraud upon the latter to allow the true state of facts to be proved.

[7] Assignment—Contract—Assertion of Rights Against Assignee. A party to a contract may assert as against an assignee of the other party any right which he could assert against the latter, regardless of whether such right conforms or does not conform to the face of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. S. Parker for Appellant.

J. R. Whittemore for Respondent.

OLNEY, J.—The present action is one of replevin for the possession of an automobile truck. Pending its determination, the plaintiff secured possession of a part of the truck, which was all the defendant had, upon a claim for delivery pursuant to sections 509 to 521 of the Code of Civil Procedure. The action was tried and resulted in a judgment that the plaintiff take nothing and that he either return the part of which he had secured possession or the defendant recover of him the value thereof, three hundred dollars. The plaintiff appeals. The facts are:

One Moon was engaged in the business of making automobile trucks by taking the front part of a Ford automobile with its engine and attaching to it what is known as an Ameston Truck Unit. The defendant was an automobile salesman and desired to purchase a truck for demonstration purposes. Moon had in his garage or place of business the front part that was necessary to make a truck, but without the Ameston Unit attached. Under these circumstances Moon and the defendant entered into a conditional sales contract, whereby the defendant agreed to purchase "One Ameston Truck Unit and Ford Automobile, Motor No. 1757717 —— body —— with complete equipment. Serial No. ——," for the price of nine hundred dollars, of which he paid three hundred dollars down and agreed to pay the balance in monthly installments of fifty dollars each. The Ford automobile motor designated by the number quoted was the one owned by Moon, so that it was specified as a part of the subject of the sale. Whether there was any truck unit that was also agreed upon as the remaining part does not appear. Although the Ford part and the truck unit had not been attached and it was evidently intended that they should be before the subject matter of the sale was complete, and although there was no actual delivery of anything to the defendant, the contract contains an acknowledgment by him of the receipt of "said property," which is described as quoted, and that it was in good con-

dition and repair. The contract also contains the usual provision as to title remaining in the vendor until the purchase price should be fully paid, and that in case of a failure to pay any installment of the price as it became due the vendor should have the right to retake possession without demand.

Immediately upon the making of the contract, Moon, for a valuable consideration, assigned it and the title to the property specified in it to the plaintiff. A few days thereafter Moon's garage and the property in it, including the Ford automobile part, were attached by his creditors. The defendant thereupon secured possession of the part from the sheriff upon a third party claim. After securing such possession, he failed to make further payments on the purchase price, the truck not being complete, and because of his failure in this respect the plaintiff endeavored by the present action to secure possession of the part which the defendant had.

The position of the defendant, as might be surmised from the foregoing facts, is that he wants either a complete truck, for which he is willing to pay the agreed purchase price, or else the return of what he has already paid, and that until he receives either one or the other he is entitled to keep as much of the truck as he has secured. The position of the plaintiff, on the other hand, is that the completion of the truck is no concern of his; that he purchased the contract of sale from Moon in reliance upon the acknowledgment of the defendant, which it contained, that he had received the subject of the sale in good condition and repair; that it is not open to the defendant to show that the subject of the sale was not in fact complete; and that the defendant is in default on the purchase price and the plaintiff is therefore entitled under the contract provisions to whatever of the truck that-was-to-be the defendant has.

The merits of the controversy can best be gotten at by considering the case in the first instance as if it were one between Moon, the original vendor, and the defendant, and then considering to what extent, if at all, the rights of the plaintiff, the assignee of Moon, differ from those of Moon. As between Moon and the defendant, the acknowledgment or recital of the contract that the latter has possession of the subject of the sale can be given effect only by consider-

ing that the making of the contract was a constructive delivery of the truck or its parts by Moon to the defendant, so that thereafter Moon's actual possession was that of a bailee or agent for the defendant. On the other hand, reading the contract in the light of the circumstances under which it was made, it is evident that the parties contemplated that Moon should complete the truck, and that the contract was subject to the implied condition that he do so. We have, then, a case of a conditional sale of an uncompleted article with possession of the parts of the article, or of such of the parts as had been specifically agreed upon, constructively in the vendee but actually in the vendor, and with an obligation on the part of the vendor constituting an implied condition of the contract that he should complete the thing called for by the contract.

[1] In this condition of affairs, the parts, or some of them, are taken from the possession of the vendor under process against him, and the defendant then claims and secures from the attaching officer one of such parts. It is evident that the actual possession so obtained by the defendant is a lawful possession as between him and his vendor, since as between them the part had been, in legal contemplation, in the possession of the defendant at the time the sheriff seized it, the actual possession by the vendor being but a possession held for the defendant. It is also evident that the defendant is entitled to hold such possession until he is in default under the contract for the nonpayment of some installment of the purchase price as it becomes due.

[2] It is also evident that while the contract specifies the installments of the purchase price as falling due on certain fixed dates, the vendee's obligation to pay is subject to the implied condition that the vendor complete the machine, and as long as the vendor is in default in completing it he cannot insist that the vendee pay anything further. If the vendor had requested possession of the part which the vendee had for the purpose of performing his obligation to complete the truck, the vendee would have had to give it to him or, at least, would have had to make the part available to him for that purpose, but the vendee could not be put in default in this respect until such request was made. None was made, and until it was, and was refused and the vendor thereby prevented by the vendee from assembling

the machine, the latter was not in default in failing to make further payments on the purchase price. As a consequence, the vendor would not have had the right, by reason of the vendee's failure to make such payments, to retake possession of the part which the defendant had. The fact was that defendant was not as yet in default.

Is the situation any different as to the actual plaintiff, the vendor's assignee? It is not different unless there be some element of estoppel as between him and the defendant. [3] As an assignee merely, the plaintiff but stepped into the vendor's shoes and took the contract and the title to the article specified in it subject to any rights which existed in favor of the defendant against the vendor. (Code Civ. Proc., sec. 368.) [4] The final question in the case, then, upon the merits is as to the validity of the plaintiff's contention that because of the defendant's acknowledgment in the contract that he had received the subject of the sale in good condition and repair he is estopped as to the plaintiff from showing that the subject matter was not in fact complete, with the consequence that the defendant's obligation to pay was not absolute as it appeared on the face of the contract, but was conditional on the subject matter being completed. The contention is a somewhat novel one, and practically no assistance in determining the correct answer to it is given us by the briefs, which, in effect, but affirm the contention on the one side and deny it on the other. It is, however, fairly certain that the contention is not valid. There is no estoppel by contract, since the acknowledgment of the receipt of the article is in effect but an acknowledgment of the receipt of the consideration received by the defendant for the contract, and it is always open to a party to dispute the recital of a consideration. (Code Civ. Proc., sec. 1962, subd. 2.) [5] If there be an estoppel, it must be one *in pais*, arising from considering the recital in the contract as a misrepresentation by the defendant in effect made to and acted upon by the plaintiff. [6] The doctrine of estoppel *in pais* proceeds upon the theory that the party estopped has by his declarations or conduct misled another to his prejudice, so that it would be a fraud upon the latter to allow the true state of facts to be proved. (*Martin* v. *Zellerbach*, 38 Cal. 300, [99 Am. Dec. 365].) It follows that the representation must be one intended by the party

making it to be acted upon by the other, or made under such circumstances that the other had the right to believe that it was so intended, since otherwise there is no fraud, nor anything in the nature of fraud.   (16 Cyc. 726, 749; *Boggs* v. *Merced Mining Co.*, 14 Cal. 367; *Smith* v. *Penny*, 44 Cal. 161; *Breeze* v. *Brooks*, 97 Cal. 72, [22 L. R. A. 257, 31 Pac. 742].)   Now, a recital in a contract is not ordinarily intended as a representation to be acted on by third persons. Its sole purpose is to make plain, or affect in some manner, the rights of the parties as between themselves alone. **[7]** The result is that a party to a contract may assert as against an assignee of the other party any right which he could assert against the latter, regardless of whether such right conforms or does not conform to the face of the contract.   (*Rauer* v. *Fay*, 110 Cal. 361, [42 Pac. 902].)   As a particular instance of this, it is permitted to show as against the assignee of a contract, even one reciting a consideration, either that there was no consideration or that the consideration has failed.   (*Bergeson* v. *Builders Ins. Co.*, 38 Cal. 541; *Meyer* v. *Weber*, 133 Cal. 681, [65 Pac. 1110]; *Briggs* v. *Crawford*, 162 Cal. 124, [121 Pac. 381]; *Crawfis* v. *Edwards*, 178 Cal. 805, [175 Pac. 410].)   The present case would seem to be of just this character.

It is, of course, not difficult to imagine a case where a recital is put into a contract for the very purpose of having it acted on.  For example, conditional sales contracts of automobiles are largely dealt in by way of sale and assignment, and if it appeared in the present case that the defendant had acknowledged the receipt of the subject of the sale prior to his actually having received it, in order that his vendor might the more easily realize upon the contract, or even under circumstances such that he should have known that someone in reliance upon the recital would not improbably purchase the contract as one for the sale of a completed and delivered article, he would undoubtedly be estopped from showing the contrary.  (*Fugate* v. *Hansford's Exrs.*, 3 Litt. (Ky.) 262; *National etc. Co.* v. *Sherwood*, 165 Cal. 1, [130 Pac. 881].)  It is not at all impossible that such was the fact, but if it was, it devolved upon the plaintiff to prove it, and there is no evidence upon the point. It follows that the plaintiff stands in the shoes of his assignor, and as to him, as well, the defendant was not in

CLXXXV Cal.—23

default in refusing to make further payments until the article which he was to receive was completed.

Judgment affirmed.

Shaw, J., Wilbur, J., Sloane, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.