[S. F. No. 9869.   In Bank.—June 29, 1923.]

## THE AMERICAN NATIONAL BANK OF SAN FRANCISCO, Respondent, v. A. G. SOMMERVILLE, INC., (a Corporation), et al., Defendants; RICHARD F. TOMLINSON, Appellant.

[1] CONTRACTS — CONDITIONAL SALES OF AUTOMOBILES — DELIVERY — WAIVER OF DEFENSE OF WANT OR FAILURE OF CONSIDERATION—PROVISIONS IN CONTRACT—ACTION BY ASSIGNEE OF VENDOR—ESTOPPEL.—In an action by an assignee, which purchased conditional sales contracts of automobiles in good faith from the vendor, to recover moneys due thereunder, the vendee, in so far as estoppel by contract is concerned, is not precluded from proving nondelivery and nonreceipt of the automobiles by a provision contained in the contracts, by which receipt of the automobiles is acknowledged by the vendee; nor is this right to make such proof, so far as estoppel by contract is concerned, impaired by a further provision in said contracts that in the event of an assignment of the contracts by the vendor in good faith the defense of want or failure of consideration shall be waived by the vendee.

[2] ID. — CONDITIONAL CONTRACT OF SALE — NON-NEGOTIABILITY OF. — Conditional contracts of sale are non-negotiable instruments.

[3] ID.—CHARACTER OF NEGOTIABILITY—STIPULATION OF PARTIES—EFFECT OF.—Parties may not impart the character of negotiability to any other writing not of itself a negotiable instrument under the general law-merchant or by the statutes of the state; the character of such an instrument as being negotiable or otherwise must appear not by force of the mere stipulation of the parties that it shall be such, but must be implied by law as the result of the form and effect of the instrument itself.

[4] ID.—CUSTOM—EFFECT UPON STATUTES.—Custom, while often very important in assisting courts to interpret statutes properly, never overcomes the positive provisions of statutes.

[5] ID. — ILLEGAL CONTRACT — WAIVER OF ILLEGALITY — DEFENSE.—A party to an illegal agreement may not, either by stipulation at the time of the execution thereof or afterward, waive his right to urge the illegality in any action thereon instituted by the other party thereto; the same rule of public policy which forbids the execution of the contract forbids the giving of a *quasi* validity thereto by the waiver of such defense.

[6] ID.—ESTOPPEL BY CONTRACT.—There can be no estoppel by contract unless the contract itself is valid.

[7] ID.—ESTOPPEL IN PAIS—THEORY OF.—The doctrine of estoppel *in pais* proceeds upon the theory that the party has, by his declarations or conduct, misled another to his prejudice, so that it would be a fraud upon the latter to allow the true state of facts to be proved. The representation must be one intended by the party making it to be acted upon by the other, or made under such circumstances that the other had the right to believe that it was so intended.

[8] ID.—RELIANCE ON PROVISION IN CONTRACT—ESTOPPEL IN PAIS.— If a party purchases a conditional contract of sale of an automobile in reliance upon representations or declarations of the vendee that he had received the machine, the vendee is estopped from denying that he actually received the automobile which constituted the consideration for the contract. Such an estoppel, although it relates to a contract, is an estoppel *in pais.*

[9] ID.—ACTION BY ASSIGNEE TO RECOVER MONEYS DUE—STIPULATIONS IN CONTRACT—NONRECEIPT OF AUTOMOBILES—EXCLUSION OF OFFER SHOWING—ERROR.—In an action by an assignee of a vendor of conditional sales contracts of automobiles to recover moneys due thereunder, which contracts contained provisions, by which the vendee acknowledged receipt of the automobiles and waived the defense of failure or want of consideration in the event of an assignment of the contracts by the vendor in good faith, after plaintiff had established a *prima facie* case, it was error for the trial court to exclude the vendee's offer to show that the automobiles had never been delivered to nor received by him and that nothing of value had been received by him as consideration for the making of the contracts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. H. D. Burroughs, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Hadsell, Sweet & Ingalls for Appellant.

Goldman, Nye & Surr for Respondent.

WASTE, J.---The appeal in this case presents for consideration the effect of certain stipulations in executory contracts of conditional sale and purchase of automobiles. The first acknowledges the receipt by the purchaser of the articles sold, and the second purports to be a waiver by the purchaser of the defense of want or failure of consideration in the event of an assignment and transfer of the contract in good faith by the vendor. A rehearing was granted after decision and judgment (64 Cal. Dec. 393), for the reason that there seemed to be a misapprehension in the minds of the legal profession concerning the effect of the decision, this misunderstanding arising, perhaps, from the failure of the former opinion to sufficiently differentiate in the application of the doctrine of estoppel by contract and estoppel *in pais* to the facts of the case. On reconsideration we adhere to the conclusions arrived at upon the former hearing.

The defendant, A. G. Sommerville, Inc., entered into two executory contracts of purchase and sale with the defendant and appellant Tomlinson, whereby the latter agreed to purchase from the former two automobiles with complete equipment for $3,900 each. Payment by the purchaser of the sum of $1,500 on each sale is acknowledged, and provision is made for installments thereafter to be paid. The agreements are in writing and are in the form of conditional sales contracts, providing that title to the automobiles shall remain in the seller until all payments therein provided for are made and all the conditions fully complied with by the vendee. Each of the contracts contains a stipulation, to wit: "The second party hereby acknowledges receipt of said property," referring to the automobile, and also the following provision: "As a part of this contract of conditional sale, it is further agreed that the the event the first party shall in good faith assign and transfer this contract, and the moneys payable thereunder, to a third party, then the second party shall be precluded from in any manner attacking the validity of this contract on the ground of fraud, duress, mistake, want of consideration, or failure of consideration, or upon any other ground, and all moneys payable under this contract by the party of the second part shall be paid to such assignee or holder without recoupment, setoff or counterclaim of any sort whatsoever."

Upon the same day they were executed, A. G. Sommerville, Inc., transferred the two contracts to the American Investment Company. That corporation thereafter assigned and transferred the contracts to plaintiff, which brought this action against both parties to the agreements, alleging that none of the deferred payments had been made and that there was due, owing, and unpaid upon each of the contracts the sum of $2,400, with interest and attorney's fees. For these amounts plaintiff demanded judgment. A. G. Sommerville, Inc., failing to appear and answer the complaint, its default was entered. Defendant Tomlinson, after demurrer overruled, filed his answer to the complaint. He admitted the signing of the two executory contracts, but otherwise, and for want of information and belief, denied practically all of the averments of the complaint. As a separate and affirmative defense he alleged that he had never received either of the automobiles and that there was a total failure of consideration for each and both of the contracts, in that defendant Sommerville, Inc., had wholly failed and refused to deliver, and that neither of the automobiles was or ever had been in existence. He further alleged that he had never received any automobiles or anything of value as a consideration for the execution of the contracts. By way of counterclaim, he pleaded a written agreement between himself and the Argonaut Motors Company, the obligations of which, he alleged, A. G. Sommerville, Inc., had assumed prior to the filing of plaintiff's action, and by reason of which, he asserted that corporation to be indebted to him in the sum of $13,100.

When the cause came on for trial on the issues thus framed, stipulations were entered into between the parties as to due incorporation of the plaintiff and of A. G. Sommerville, Inc., and American Investment Company, and as to certain payments having been made to the latter by the defendant Tomlinson. Due transfer of the contracts was admitted, it being stipulated that plaintiff had accepted such assignment in good faith. Evidence of the amount of principal and interest due upon the contracts was offered and admitted, and the plaintiff rested its case. Defendant Tomlinson thereupon moved for a nonsuit upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and upon the further ground that there

was neither allegation nor proof of the delivery of the personal property to him or that A. G. Sommerville, Inc., had ever performed its part of the obligations imposed by the contracts. This motion was denied. Thereupon defendant Tomlinson, called as a witness in his own behalf, offered to prove that neither of the automobiles mentioned in the complaint had ever been delivered to or received by him, and, further, that nothing of value had been received by him as consideration for the making of either of the agreements. Upon the objection of the plaintiff that such evidence was incompetent and immaterial for the reason that by the stipulations of the contracts defendant Tomlinson was precluded from interposing the defenses and counterclaims set out in his answer, the trial court excluded the proffered testimony. It also sustained plaintiff's objection to all evidence offered in support of the counterclaim alleged to exist against A. G. Sommerville, Inc.

The trial court found the due execution and assignment of the contracts for the purchase of the automobiles, and the existence in said agreements of the stipulations acknowledging receipt of the property and the purported waiver of defenses in the event of an assignment in good faith. It further found that by reason of the acknowledgment of defendant Tomlinson to the vendor of the receipt of the automobiles, contained in the contracts, a *prima facie* case of delivery had been made, and that evidence of want of consideration for the contracts, or of failure of consideration therefor, was incompetent, irrelevant, immaterial, and wholly inadmissible by reason of the agreement of Tomlinson, contained in the waiver clause of the contract, by which he was precluded from raising any such defense or from asserting any counterclaim as against this plaintiff. "Because of such admission of receipt for said car in the contract, and because of the legal inability of the defendant to introduce evidence attacking such receipt, or raising a defense of want or failure of consideration" (such is the language of the decision), the court found that A. G. Sommerville, Inc., had performed all the terms and conditions imposed upon it by the contracts in favor of defendant Tomlinson. Judgment was accordingly entered in favor of plaintiff for the unpaid principal of the two contracts, together with interest and attorney's fees, amounting in the aggregate to $4,365, in ad-

dition to plaintiff's costs.  It is from this judgment that the defendant Tomlinson has taken and prosecutes this appeal.

[1]  The question presented for consideration is whether or not the trial court was in error in refusing to permit the defendant Tomlinson to introduce testimony tending to prove that the personal property described in the contracts of conditional sale had never been delivered to him, and that there was, therefore, a total want or failure of consideration for the agreements.  The question, reduced to its simplest form of statement, is this: Was the defendant Tomlinson estopped by the stipulations in his contracts to show by proper evidence as against this plaintiff that the consideration for the contracts had failed?  Were we dealing alone with the acknowledgment by the vendee of the receipt of the automobiles, we might consider it to be now well settled in this state that no estoppel by contract arose by reason of such acknowledgment, since the acknowledgment of the receipt of the articles is in effect but an acknowledgment of the receipt of the consideration received by the defendant for the contract, and it is always open to a party to dispute such recital.  (Code Civ. Proc., sec. 1962, subd. 2; *Parker* v. *Funk*, 185 Cal. 347, 352 [197 Pac. 83] ; *Ashley* v. *Vischer*, 24 Cal. 322, 326 [85 Am. Dec. 65].)  In *Parker* v. *Funk, supra,* it was distinctly held by this court that the acknowledgment by a vendee under a conditional contract of sale of the receipt of the subject matter of the sale was in effect but an acknowledgment of the receipt of consideration for such sale, and that it was open to dispute by the vendee against the vendor or his assignee by showing against either that there was no consideration or that the consideration had failed.  It would seem to follow in this case, as in that, that no estoppel by contract arose by reason of the acknowledgment of the receipt of the automobiles which would suffice lawfully to preclude the defendant Tomlinson from proving that, through the nondelivery to him of the personal property covered by the contracts, consideration therefor had wholly failed.

Nor do we think that the right of defendant Tomlinson to have made this proof was impaired, in so far as an estoppel by contract is concerned, by the further stipulation in the contract to the effect that in the event the vendor in good faith assigned and transferred the contract and the moneys

payable thereunder to a third party, the vendee should be precluded from attacking the validity of the contracts for want or failure of consideration. To give such effect to the provision in the contracts would practically be to nullify the general rule relating to the assignment of non-negotiable instruments embodied in section 1459 of the Civil Code, which provides that "a non-negotiable written contract for the payment of money or personal property may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement shall transfer all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the indorsement." This section not only fails to confer upon non-negotiable instruments the immunity which belongs to negotiable paper, but expressly withholds it, and saves to the defendant in an action brought by an assignee any defense which he might have had against the assignor before the assignment or notice thereof. To give countenance to respondent's contention would, in effect, be permitting parties to contracts to create a new form of negotiable instruments. [2] Conditional contracts of sale are non-negotiable instruments in this state. (Civ. Code, sec. 3082, as added by Stats. 1917, p. 1532.) [3] Parties may not impart the character of negotiability to any other writing not of itself a negotiable instrument under the general law-merchant or by the statutes of the state. The character of such an instrument as being negotiable or otherwise must appear not by force of the mere stipulation of the parties that it shall be such, but must be implied by law as the result of the form and effect of the instrument itself. (See *Witte* v. *Vincenot*, 43 Cal. 325, 329–331.) Counsel in the brief of *amicus curiae* urge upon our consideration the fact that large sums of money are "now invested by banks and other financial institutions in this state in automobile paper similar to that here involved," and that "a very material element of inducement to engage in this business is the safety afforded, or as was thought to have been afforded by the particular provisions here in question, without which provisions, regarded as quite essential in the transaction of this particular business, the continuance of the same would certainly be less attractive." This is in effect but a restatement of the argument made in *Kohn* v. *Sacramento Elec.*,

*Gas & Ry. Co.,* 168 Cal. 1, 7 [141 Pac. 626], to the effect that bonds having been so long treated as negotiable instruments, the courts should respect the custom of the country and make the letter of the statutes bend to it. **[4]** We make the same answer: "Custom is often very important, it is true, in assisting courts to interpret statutes properly, but it never overcomes the positive provisions of statutes."

While the precise question of the validity or invalidity of stipulations foreclosing the right of a party to an instrument otherwise non-negotiable from setting up the defense of failure or want of consideration in an action brought upon the contract has not heretofore been passed upon by this court, there are certain well-defined rules of law in respect to situations so nearly analogous as to be of persuasive force in directing our conclusions in the instant case. **[5]** The nonenforcement of illegal contracts, being a matter of public interest, has received much attention from the courts, and it has been universally held that a party to such an agreement may not, either by stipulation at the time of the execution thereof or afterward, waive his right to urge the illegality in any action thereon instituted by the other party thereto. The same rule of public policy which forbids the execution of the contract forbids the giving of a *quasi* validity thereto by the waiver of such defense. (15 Am. & Eng. Ency. of Law, 2d ed., 1014.) Whenever the illegality appears, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection is tainted with the vice of the original contract, and void for the same reason. (*Coppell* v. *Hall,* 74 U. S. 542, 558 [19 L. Ed. 224, see, also, Rose's U. S. Notes] ; *Faircloth* v. *De Leon,* 81 Ga. 158, 161 [7 S. E. 640] ; *Shenk* v. *Phelps,* 6 Ill. App. 612; *Braxton* v. *Liddon,* 49 Fla. 280, 289 [38 South. 717] ; *J. A. Fay & Egan Co.* v. *Independent Lumber Co.,* 178 Ala. 166, 168 [59 South. 470] ; *Wilcox* v. *Howell,* 44 N. Y. 398, 402; *Bridger* v. *Goldsmith,* 143 N. Y. 424 [38 N. E. 458].) **[6]** In other words, there can be no estoppel by contract unless the contract itself is valid.

While some of the foregoing cases refer to fraud in the inception or execution of contracts, the fact remains that fraud in the creation of a contract does not render the instrument more vulnerable than does want or failure of con-

sideration, which renders every agreement voidable and incapable of enforcement (*Gamble* v. *Tripp,* 99 Cal. 223, 226 [33 Pac. 851]; *Wheat* v. *Bank of California,* 119 Cal. 4, 6 [50 Pac. 842, 51 Pac. 47]), and this defense is available even as against the assignee of the contract. (*Crawfis* v. *Edwards,* 178 Cal. 805 [175 Pac. 410]; *Briggs* v. *Crawford,* 162 Cal. 124, 129 [121 Pac. 381].) Following the analogy of the fraud cases, we see no reason why stipulations to waive the defense of want or failure of consideration may not be held voidable at the instance of the debtor whenever the want or failure of consideration in the inception and execution of the contract itself is made to appear. If such stipulations be regarded as collateral agreements, in a sense ancillary to the main contract, under such circumstances there would appear to be no consideration whatever to support them. On the other hand, if they be regarded as an essential part of the main contract, they would have to find support in the same consideration which sustains the main contract. When that consideration fails, the particular covenant must be held to have fallen with it. The respondent has cited, and strongly relies upon, the case of *Anglo-California Trust Co.* v. *Hall,* 61 Utah, 223 [211 Pac. 991], as upholding its contention. The question there considered was whether or not a party could in his contract waive, as against the assignee, a breach of warranty. The court held that in the absence of fraud or duress it might be done. Some general language in the opinion in that case, which might be given application to a waiver by contract of the defense of want or failure of consideration, amounts to *dicta,* and is not consonant with our views.

We conclude, therefore, that if an estoppel against the defendant Tomlinson exists in this case it must be one arising *in pais,* which is a very different thing from an estoppel by contract, and by means of which a party to a contract may well be held to be estopped from denying the validity of the instrument which, if it were not for such estoppel, would undoubtedly be held to be invalid. **[7]** The doctrine of estoppel *in pais* proceeds upon the theory that the party has, by his declarations or conduct, misled another to his prejudice, so that it would be a fraud upon the latter to allow the true state of facts to be proved. The representation must be one intended by the party making it to be

acted upon by the other, or made under such circumstances that the other had the right to believe that it was so intended. Otherwise there is no fraud or anything in the nature of fraud. (*Parker* v. *Funk, supra.*) There is no doubt that, upon the proper showing being made, a party to a contract will be estopped from setting up, as against an assignee of the other party to the contract, either that there was no consideration or that there was a total or partial failure of consideration. If, for example, in this case it had appeared that plaintiff, before purchasing the contracts of sale, had inquired of defendant Tomlinson whether or not the latter had actually received the automobiles, saying that it was thinking of purchasing the contracts, and Tomlinson replied that he had received the machines; and if, in reliance upon such representations, plaintiff had then purchased the contracts, there could be no question, we take it, that Tomlinson would not now be permitted to rely upon the defense that he had never received the automobiles. It makes no particular difference how the representation by the vendee which was acted upon by the assignee was made, the essential thing being that it was made for the purpose of being acted upon, and that it was acted upon. Such a representation no doubt can be, and frequently is, made in the contract itself, and is made there for the purpose of assurance to anyone considering the purchase of the contract. [8] In such a case, if one purchases in reliance upon this assurance, the other party to the contract, in this case, for example, the vendee of the automobiles, is estopped from denying that he actually received the machines which constituted the consideration for the contract. Such an estoppel, although it relates to a contract, is an estoppel *in pais*. It is an application of the fundamental, equitable, and moral rule that a man may not be permitted to deny the truthfulness of an assurance which he has given to another for the purpose of having it acted upon by the latter, and which the latter has acted upon. As was said in *Parker* v. *Funk, supra:* "It is, of course, not difficult to imagine a case where a recital is put into a contract for the very purpose of having it acted on. For example, conditional sales contracts of automobiles are largely dealt in by way of sale and assignment, and if it appeared in the present case that the defendant had acknowledged the receipt of the subject

of the sale prior to his actually having received it, in order that his vendor might the more easily realize upon the contract, or even under circumstances such that he should have known that someone in reliance upon the recital would not improbably purchase the contract as one for the sale of a completed and delivered article, he would undoubtedly be estopped from showing the contrary. (*Fugate* v. *Hansford's Exrs.*, 3 Litt. (Ky.) 262; *National etc. Co.* v. *Sherwood*, 165 Cal. 1 [130 Pac. 881].)''

It is not at all impossible that such was the fact in this instance, but, if it were, it devolved upon plaintiff to prove it. (*Parker* v. *Funk, supra.*) That was all that was necessary to be done to entitle plaintiff to recover. It had established a *prima facie* case, subject to having its cause of action defeated by the proof which the defendant Tomlinson offered, and which he should have been permitted to introduce, regardless of whether or not such proof conformed or did not conform to the face of the contracts. Plaintiff in rebuttal would have had full opportunity to show that the acknowledgment of the receipt of the automobiles, and the waiver of the defense of want or failure of consideration were inserted in the contracts under such circumstances as to permit it to invoke the doctrine of estoppel *in pais*. All these facts were open to investigation, and upon a full inquiry the court could have readily determined the question. (*Rauer* v. *Fay*, 110 Cal. 361, 368 [42 Pac. 902].) [9] It follows, therefore, that the trial court was in error in refusing to permit the introduction of the testimony offered by the defendant Tomlinson in support of his defense of want or failure of consideration.

The offer of the defendant Tomlinson to support his alleged counterclaim against the defendant A. G. Sommerville, Inc., presented an immaterial issue in the present case. If he should be successful in establishing a want or failure of consideration for the contracts, the action fails. If, on the other hand, he is estopped in some way to deny the effect of the clause waiving certain defenses, recoupment, set-off, or counterclaim in the event of an assignment in good faith, he is bound by his stipulations.

The judgment is reversed.

Myers, J., Kerrigan, J., Lawlor, J., Seawell, J., and Wilbur, C. J., concurred.