Buchanan vs. Jones.

No. 98.—R. H. L. BUCHANAN, plaintiff in error, vs. SEABORN JONES, defendant in error.

[1.] Where a writ of certiorari directed to the Inferior Court, was granted by a Judge of the Superior Court, when he was beyond the limits of this State: *Held*, that the writ was properly dismissed, on the ground, that the notice required by the 54th section of the Judiciary Act of 1799, was unavailable, and on the further ground, that a Judge of the Superior Court of this State, had no authority to do any *Official Act* required by the laws thereof, beyond its jurisdiction.

Certiorari, in Muscogee Superior Court. Decision by Judge IVERSON. November Term, 1852.

This was a certiorari sued out to a decision of the Inferior Court of Muscogee County.

On motion, in the Superior Court, the certiorari was dismissed on the ground that it was improvidently granted, in this, that counsel for Buchanan served Jones with notice, that on the 20th day of July then next, he would apply to Hon. Judge *Iverson* for a writ of certiorari, and that on that day, Judge *Iverson*, was not within the limits of the State of Georgia, but granted the writ without the State.

This decision is assigned as error.

DOWNING, for plaintiff in error.

JONES, BENNING & JONES, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This was an application to the Judge of the Superior Court, for a writ of certiorari, to be directed to the Inferior Court, in accordance with the provisions of the 54th section of the Judiciary Act of 1799, which provides, that twenty days notice shall be given by the party applying for such writ, to the opposite party, or his attorney. *Prince* 432. The writ of certiorari,

was granted by the Judge, during the time he was *beyond the limits of the State.* The Court below dismissed the certiorari on the ground that the *notice* given to the opposite party, under the Statute, was unavailable, inasmuch as the Judge granting it was at that time out of the State.

The certiorari was not only properly dismissed on that ground, but it ought also to have been dismissed on the ground that a Judge of the Superior Courts of this State, has no authority to do any *official* act required by the laws thereof, beyond its jurisdiction. His official acts derive all their force and authority from the Constitution and laws of *this State,* which are only co-extensive with the territory thereof. Beyond the territorial limits of Georgia, we presume, that there are laws, adapted to the condition of the people who may inhabit other States and territories, and that they have officers of their own to execute them. When a judicial officer of this State goes beyond the operation of the laws, by virtue of which *all his official acts* derive their binding force, and authority, he cannot be considered as acting *there,* in obedience to the mandate of the sovereign will of the State, for the simple reason, that that mandate of the sovereign will of the State has no *extra territorial operation.*

Let the judgment of the Court below be affirmed.