## THE STAR GLASS COMPANY *vs.* LONGLEY & ROBINSON.

1. Where the return of the magistrate to a writ of *certiorari* accepts the statement of counsel in the petition, and certifies the same as a fair representation of what transpired as far as he claims to remember it, the return is defective, but the *certiorari* should not be dismissed. The remedy is by filing exceptions.
2. This case having been called at the first term, out of its order, exceptions then filed were not too late.
3. Where a mixed question of law and fact is involved, in a case brought before the superior court by *certiorari*, and where it is remanded for a new trial, instructions as to the law should be given, for the guidance of the magistrate.
4. If the plaintiff priced its goods to defendants, who ordered at that price, and the plaintiff delivered them to a common carrier consigned to the defendants, that was such a delivery to them as to make the sale complete at the price named.
(*a*). If the plaintiff afterwards notified defendants that there was a mistake in the price, and not to use the goods except at a larger price, this would not change in any way the rights of the parties although they may have been used, unless the defendants assumed to pay the additional amount claimed.

*Certiorari.* Practice in the Superior Court. Sales. Delivery. Before Judge HILLYER. Fulton Superior Court. October Term, 1879.

Reported in the opinion.

Z. D. HARRISON; S. N. CONNALLY, for plaintiff in error.

D. F. & W. R. HAMMOND, for defendants.

CRAWFORD, Justice.

The bill of exceptions in this case, sets out three grounds of error as having been committed by the judge below upon the hearing of the *certiorari*, which he sustained and remanded for a new trial before the justice.

1. That the *certiorari* should have been dismissed because the evidence was not sufficiently verified by the magistrate to authorize the superior court to pass on the case.

This *objection* was well taken, because the magistrate had accepted the statement of the counsel in his petition for *certiorari* as his return, and had certified the same up as being a fair representation of what transpired before him as far as he claimed to remember it. The court did not dismiss, but called on the opposite counsel to respond to the *objection*, who proceeded to file exceptions to this imperfect return, which was allowed by the court, and the defendant in the *certiorari* excepted because it was too late, the case being in order for trial, as claimed by defendant.

2. The law is clear that such exceptions shall be filed in writing, specifying the defects, and that notice shall be given to the opposite party before the case is called in its order for hearing. This, therefore, would have concluded the right of the party to file the exceptions but for the fact that the judge certifies " that the case was not reached and sounded in its order for trial or hearing, on any regular call of the *certiorari* docket," as well as the further fact that it also appears that it was at the first or return term of the *certiorari*. Where the answer of the magistrate does not reply specifically to the allegations set out in the petition, or fails to certify and send up the whole of the proceedings had before him, a motion to dismiss is not the proper motion to submit, but exceptions should be filed, and if sustained, the court will order the magistrate to perfect and send up his answer. Code, §4062.

3. In this case the answer having been held to be defec-

tive, the same was amended, and when the *certiorari* was again called, argument was had thereon, and it was sustained by the court and the cause remanded for a new trial, to all of which the defendant excepted.

It is claimed that the testimony being before the superior court, the judge should have decided the case.

Wherever the error set out in the *certiorari* is one of law which must finally govern the case, and the court is satisfied that no question of fact is involved, then it is the duty of the judge to make a final decision. Code, §4067.

Where there is a mixed question of law and fact, and of which complaint is made in the *certiorari*, and the case is remanded for a new trial, it should be done with instructions as to the law for the guidance of the magistrate in the rehearing ordered.

4. In this case, if the testimony shows that the plaintiff, upon inquiry, priced its goods to the defendants, and thereupon the defendants ordered at that price, and that the plaintiff then delivered them to a common carrier, consigned to the defendants, that was such a delivery to them as to make the sale complete, and at the price named.

If it should further appear, that afterwards plaintiff notified defendants that there was a mistake in the price, and not to use the goods except at a later and larger invoice price, this would not change in any way the rights of the parties, although they may have been used, unless the defendants assumed to pay the additional amount claimed. The acceptance of a draft for the disputed sum, and the payment thereof, would be evidence quite sufficient, nothing else appearing, to defeat a set-off of this excess when filed to another suit between the same parties, but such testimony would not be absolutely conclusive against them, and other satisfactory proof might be offered to overcome it.

These matters of fact made it proper in the judge below to order a new trial, and his judgment is affirmed.