### SCHMERTZ & COMPANY *vs.* JOHNSON.

1. Where affidavits used in connection with one ground of a motion for new trial were identified by the signature of the presiding judge thereon, and ordered to be filed of record with the motion, and were duly certified as a part of the transcript of the record, this was sufficient, and the writ of error will not be dismissed on that ground.
2. The verdict is supported by the evidence.
3. Although a written statement or memorandum of the indebtedness of the defendant to the plaintiff went out with the jury among the papers in the case, yet where it appears, from the affidavits of several members of the jury, that they never saw the paper; that it was not read by the jury, and that no allusion was made to it, a new trial will not be required.
4. The other grounds of the motion are not sufficient to require a new trial.
(*a.*) It is incumbent on the plaintiff in error to show error plainly and distinctly.

April 25, 1884.

Practice in Supreme Court. Practice in Superior Court. Jury and Jurors. New Trial. Before Judge CLARK. City Court of Atlanta. September Term, 1883.

To the report contained in the decision, it is only necessary to add the following:

The affidavits used on the hearing of the motion for new trial were identified by the judge's initials, endorsed on each. At the close of them, he passed an order, referring to such verification by initials, and ordering the affidavits to be filed and made part of the motion, and sent up as such. They accordingly appear copied into the record as part of it. A motion was made to dismiss, because they should have been incorporated in the bill of exceptions, and not in the record.

On the subject of the paper, which went out with the jury by accident or mistake, four of the jurors made affidavits, to the effect that it was not considered or discussed by the jury, and that they (the affiants) did not know that it was in the jury-room. One of them stated that, on retiring, a vote was taken, which resulted in a unanimous agreement to find for the plaintiff the full amount of his claim; that the jury then examined the original account and amendment of plaintiff, and a set-off claimed by defendant, and that those were the only papers he saw looked at.

BLACK & ALBERT, for plaintiffs in error.

HOKE SMITH; W. T. MOYERS, for defendant.

BLANDFORD, Justice.

The defendant in error brought his action against the plaintiffs in error to recover a sum of money which he alleged was due him as salesman and drummer. The jury returned a verdict in his favor, and he had judgment. The defendants moved for a new trial, on various grounds,

which the court overruled, and this judgment is excepted to, and error is assigned thereon to this court.

1. The defendant moved to dismiss this writ of error, upon the ground that certain affidavits read on the motion for new trial in reference to one ground of the motion, which affidavits were identified by the signature of the presiding judge, and ordered to be filed of record with said motion, and which are duly certified as part of the transcript of the record in the case from the court below, were not in the bill of exceptions. This motion will be governed by the decision rendered to-day by Jarkson, C. J., in the case of *Crockett vs. McLendon.*

2. One of the grounds of the motion for new trial is, that the verdict is contrary to law and evidence.

We are satisfied that there is enough evidence, as disclosed by this imperfect record, to have authorized the verdict; at least it is not so totally without evidence to sustain it as to authorize this court to interfere with the judgment of the court below in refusing the new trial.

3. Another ground of the motion for new trial is, that a certain paper, or memorandum in writing, containing a statement of the indebtedness of plaintiff in error to defendant in error, went into the papers which went out with the jury. How this happened is unknown. Several of the jurors made affidavits that they never saw this paper; that it was not read by the jury, and that no allusion was made to the same.

Under these facts, it is not probable that the case of plaintiff in error was hurt or prejudiced by reason of said paper having gone out with the jury, and when this is so, it will not form a good ground upon which a new trial will be granted.

4. There are many other grounds contained in the motion for new trial, which, we think, are insufficient to authorize the grant of a new trial. Owing to the confused state of the record, many of these grounds are not easy of comprehen-

sion.   It is an oft-repeated rule of this court, that he who alleges error must show error, as every  presumption will be indulged in favor of the  judgment of the court below. Errors complained of must be plainly and distinctly specified and set forth.   All doubts will be resolved in favor of the rulings complained of.

Let the judgment of the court below be affirmed.