## The Atlantic Phosphate Company *vs.* Ely.

1. The statutes of Georgia touching the inspection of fertilizers, relate solely to such as are offered for sale or distribution in this State.
2. Where a farmer orders by letter, written in Georgia, commercial fertilizers for his own use, to be sent to him from South Carolina by a dealer in that State, and the goods are shipped by railroad according to order, from South Carolina to Georgia, and thereupon notes for the price are executed in Georgia and sent to South Carolina, the sale of the fertilizers is completed in South Carolina, and the laws of Georgia touching inspection, etc. have no application to the transaction. The notes are valid and collectible.

March 18, 1889.

Fertilizers. Sales. Promissory notes. Before Judge Bower. Baker superior court. May term, 1888.

Reported in the decision.

The Atlantic Phosphate Company *vs.* Ely.

SPENCE & TWITTY, for plaintiff.

D. H. POPE, for defendant.

BLECKLEY, Chief Justice.

The notes sued upon were given by Ely to the phosphate company for the purchase price of commercial fertilizers. The case was decided below upon an agreed state of facts, from which it appears that Ely, by letter from Camilla, Georgia, to the Phosphate Company at Charleston, South Carolina, made inquiry as to the prices of their fertilizers. In reply, they wrote to him enclosing their printed circular of prices; whereupon he again wrote, requesting them to ship to Camilla, Georgia, a certain quantity of their fertilizers at the prices named in their circular. On this order, they placed upon the cars at Charleston, South Carolina, consigned to him at Camilla on a through bill of lading, the fertilizers embraced in the order. He received them at Camilla, and thereupon, at the same place, executed his notes and forwarded them to the company. He is a farmer, and purchased the fertilizers for his own use. The sole plea which he has interposed is, that the fertilizers were not inspected according to the laws of this State. The court held the notes invalid, and thereupon rendered judgment for the defendant.

1. The statutes of Georgia touching the inspection of fertilizers relate solely to such as are "offered for sale or distribution in this State." Code, §§1553 a, c, 1573, 1576 b, c, d, e, 1575; *Martin vs. Upshur Guano Company,* 77 *Ga.* 257. The case just cited differs from the present in no material respect, save that in that case the goods were purchased by a retailer for sale in Georgia, while here the purchase was by a farmer

for his own use. This difference we think of no sig-
nificance in respect to the legality of the purchase.
In neither case was there any sale or offer for sale
in Georgia. In both alike, the seller parted with his
title in another State, and the goods entered Georgia
as the property of the buyer; and certainly in the
present case, whatever might be said of the former,
it cannot be suggested that they were sent into the
State for distribution.

2. The contract of sale was altogether a South Caro-
lina contract. Though the order was written and sent
from Georgia, its acceptance took place in South Caro-
lina, and when it was complied with by putting the
goods on board the cars, consigned as directed, the sale
was complete and the property in the goods passed to
the purchaser. The case is quite parallel with that of
Orcutt vs. Nelson, 1 Gray, 536, in which intoxicating
liquors were ordered in Massachusetts by letter addressed
to a party in Connecticut. The goods were delivered
to a carrier in the latter State, consigned to the pur-
chaser in the former, in pursuance of the order. It was
held that the sale was complete in Connecticut on de-
livery to the carrier. Chief Justice Shaw said: "It can-
not be presumed that the legislature intended to extend
their prohibition beyond this State and give the enact-
ment an extra-territorial operation, to prohibit and
vacate sales made out of its territorial jurisdiction."
See also Abberger vs. Marrin, 102 Mass. 70; Dolan vs.
Green, 110 Mass. 322. The like rule as to the place of
sale of intoxicating liquors has been recognized by this
court at this term, in the case of Dunn vs. The State, ante,
27. And that delivery to the carrier is delivery to the
consignee, where that mode of delivery is contemplated
by both parties, see Wade vs. Hamilton, 30 Ga. 450. The
cases cited by the learned counsel for the defendant in

error were *Hammond vs. Wilcher,* 79 *Ga.* 421; *Allen vs. Pearce,* 80 *Ga.* 417, and *Faircloth vs. DeLeon,* 81 *Ga.* 158. All of these related to sales made within this State, and therefore are not in point.

The judgment of the court below is reversed, with direction to enter judgment in favor of the plaintiff upon all the notes.

Judgment reversed.