## FALVEY & COMPANY *v.* RICHMOND.

1. In a suit upon an open account for a balance due for goods, where the defendant claimed that they were worth only one cent per pound, but further testified that the contract was that he was to pay one

and a half cents per pound, a verdict for the balance shown to be unpaid was not unauthorized. (R.)

2. If a purchaser residing in Atlanta, Georgia, and doing business there, should order goods to be shipped to him from Virginia by a railroad company, and the vendor should deliver the goods to the company for that purpose, such delivery would in law be a delivery to the purchaser. If the contract were that the vendor should deliver the goods in Atlanta, the delivery to the carrier would not be a delivery to the purchaser. (R.)

3. Where interrogatories of the plaintiff were inadvertently handed by his counsel to the jury as they retired, and were not read or examined by any of the jury, who did not know they had the interrogatories until their return to the court-room, when the matter was first brought to their notice, the inadvertence is not ground for a new trial. (R.)

March 30, 1891.

Contracts. Carriers. Delivery. Practice. New trial. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1890.

Reported in the decision.

SIMMONS & CORRIGAN, for plaintiffs in error.

MAYSON & HILL, *contra.*

SIMMONS, Justice.

Richmond sued Falvey & Co. in a justice's court, upon an open account. The defendants pleaded the general issue and payment. The jury in the justice's court returned a verdict in favor of the plaintiff, and Falvey & Co. appealed to the superior court. The jury in that court rendered a like verdict, and Falvey & Co. made a motion for a new trial, which was overruled by the court.

1. We think there was sufficient evidence to authorize the jury to return the verdict they did. Falvey claimed that the cabbages were worth only one cent per pound, but in answer to a direct question he testified that the contract was that he was to pay one and a half cents per pound; and as he had only paid to Richmond one cent per pound, the jury, under this evidence, was authorized to find the additional amount they did find.

This disposes of the 1st, 2d, 3d and 4th grounds of the motion.

2. The motion also complains that the court erred in charging that if a merchant residing in Atlanta and doing business there should order goods to be shipped to him from the State of Virginia by a railroad company, and the person from whom the goods were ordered should deliver the goods to the company, such delivery would be in contemplation of law a delivery to the purchaser. There was no error in this charge. See *Wade* v. *Hamilton*, 30 *Ga.* 450; *Star Glass Co.* v. *Longley*, 64 *Ga.* 576; *Dunn* v. *State*, 82 *Ga.* 27; *Atlantic Phosphate Co.* v. *Ely*, 82 *Ga.* 438; Bennett's Benj. Sales, §693; Newmark Sales, §146; Tiedeman Sales, §85. Of course, if the contract was that Richmond was to deliver the cabbages in Atlanta, the delivery to the carrier would not be a delivery to Falvey & Co., and so the court charged the jury.

3. The next ground of the motion complains that the plaintiff's counsel handed to the jury the interrogatories of Richmond, which were carried by them to the jury-room and kept until they had made and published their verdict. The affidavit of the counsel in reply to this ground of the motion shows that while he handed the interrogatories to the jury, it was inadvertently done, and that there was no attempt on his part to gain any unfair advantage thereby. The affidavit of the foreman of the jury shows that the interrogatories were not read or examined by any of the jury, and that they did not know they had the interrogatories until their return to the court-room, when the matter was first brought to their notice. Under these affidavits there was no error in the refusal of the court to grant a new trial on this ground. *Schmertz* v. *Johnson*, 72 *Ga.* 472; *Wilkins* v. *Maddrey*, 67 *Ga.* 766.        *Judgment affirmed.*