20095.   STATE OF GEORGIA *et al. v.*
COCA-COLA BOTTLING CO.

ARGUED JUNE 10, 1958—DECIDED JULY 11, 1958—
REHEARING DENIED JULY 22, 1958.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Broaddus B. Zellars, Deputy Assistant Attorneys-General,* for plaintiffs in error.

*Edward R. Kane, Jones, Williams, Dorsey & Kane,* contra.

*Louis Regenstein, Smith, Kilpatrick, Cody, Rogers & McClatchey, Powell, Goldstein, Frazer & Murphy, Alston, Sibley, Miller, Spann & Shackelford, Sutherland, Asbill & Brennan, Bird & Howell, Arnold, Golden & Gregory, Swinson, Elliott & Schloth, J. Robert Elliott, Willis Battle,* for parties at interest not parties to record.

DUCKWORTH, Chief Justice: It is time to move on from the perimeter matters dealt with in *State of Georgia* v. *Coca-Cola Bottling Co.*, 93 *Ga. App.* 609 (92 S. E. 2d 548), and *State of Georgia* v. *Coca-Cola Bottling Co.*, 212 *Ga.* 630 (94 S. E. 2d 708), to the heart of this case for a final and comprehensive decision. The words "doing business" contained in Code (Ann.) § 92-3113 (Ga. L. 1950, p. 299)—when construed as the Court of Appeals, and as this court has repeatedly construed that term in *Montag Bros.* v. *State Revenue Commissioner,* 50 *Ga. App.* 660 (179 S. E. 563), *Parke, Davis & Co.* v. *Cook,* 198 *Ga.* 457 (31 S. E. 2d 728, 156 A.L.R. 1360), *Suttles* v. *Owens-Illinois Glass Co.,* 206 *Ga.* 849 (59 S. E. 2d 392), *Redwine* v. *Dan River Mills,* 207 *Ga.* 381 (61 S. E. 2d 771), *Redwine* v. *United States Tobacco Co.,* 209 *Ga.* 725 (75 S. E. 2d 556), *Redwine* v. *Schenley Industries,* 210 *Ga.* 769 (83 S. E. 2d 16), and *Stockham Valves & Fittings* v. *Williams,* 213 *Ga.* 713 (101 S. E. 2d 197)—constitute the answer to the questions raised by the pleaded facts. After our decision on the former appearance, holding that the three-factor formula provided in Code (Ann.) § 92-3113, supra, could not be applied, the taxpayer amended its petition by striking all

reference to that formula, and added allegations: That "The plaintiff earned its income by buying and selling Coca-Cola syrup. It had no cost of selling. All its orders for Coca-Cola syrup came to it unsolicited." The amendment further alleged that, at all times during the years 1949, 1950, 1951, plaintiff's principal office and place of business was located in Fulton County, Georgia. There is not a single word in the amended petition to even suggest that the plaintiff had or maintained a branch office or place of business at which any of its business was transacted which produced any part of its income. Therefore, under the definition of "doing business" repeatedly stated in the foregoing decisions, we now hold that the entire income here involved was produced by the taxpayer by its doing business at its sole office and place of business in Fulton County, Georgia.

We now look to the taxing statute to determine if all or only a part of that income is taxable. The very first sentence of Code (Ann.) § 92-3113, supra, is: "The tax imposed by this law shall apply to the entire net income, as herein defined, received by every corporation, foreign or domestic, owning property or doing business in this State." The second sentence, in part, is: "Every such corporation shall be deemed to be doing business within this State if it engages within this State in any activities or transactions for the purpose of financial profit or gain." Then to insure against misunderstanding, the second paragraph of the section provides: "If the entire business income of the corporation is derived from property owned or business done in this State, the tax shall be imposed on the entire business income. . ." A further clause in the first paragraph, to wit, "whether or not it maintains an office or place of doing business within this State," relates back to the previous words, "if it engages within this State in any activities or transactions," and assumes the existence of "activities or transactions." This court recently held that, in the absence of such activities or transactions, a tax was not imposed. *Stockham Valves & Fittings* v. *Williams*, 213 *Ga.* 713, supra.

Where light rather than confusion is sought, the imposition of the tax upon the entire net income of corporations derived from doing business in this State is perfectly obvious. As to all

such net income the tax is imposed, and the remainder of the section relating to an apportionment of income where it is derived only in part from property owned or business done within this State and in part from property owned or business done elsewhere is wholly inapplicable. A judicial search for an answer to what part of the income derived from business done within this State must end precisely at this point. Sallies into complicated, confused, and possibly contradictory provisions relating to the three-factor-apportionment formula contribute nothing to a clear understanding of the portion applicable when there is no apportionment. It is quite evident that both the taxing authorities and the taxpayer have added to their confusion by such needless sallies.

Essentially what is the nature of an income tax is important in seeking the subjects upon which it is imposed. It is not a property—either tangible or intangible—tax. It is a tax upon the net income received by all corporations having property or doing business in this State. It must be uniform and not discriminatory. Before any part of such income can lawfully escape the Georgia tax law, it must appear that such part was derived from property owned or business done outside of this State. It could not, under the 14th amendment (Code, Ann., § 1-815) and the commerce clause (Code, Ann., § 1-125) of the U. S. Constitution, be taxed elsewhere, and this court so held against the State of Georgia in *Stockham Valves & Fittings* v. *Williams*, 213 *Ga.* 713, supra. We do not find anything in this record to indicate whether or not this plaintiff has paid tax on a portion of its income to the several States in which reside the parties to whom it sold Coca-Cola syrup. We certainly would not wish to see this Georgia enterprise suffer losses in such manner, but this is beyond our responsibility and control. Certainly the Georgia taxing authorities by their vacillation and misconstruction of the law have had the major part in confusing this taxpayer. But apparently neither the State officials nor this taxpayer were ever content to abide by their mistakes. The result is this case with both sides seeking to nullify all basis either had contended for or accepted, and that is exactly what they will obtain by our decision.

Considerable emphasis is put by counsel for the petitioner upon the terms of the sales wherein payment upon delivery to the seller is provided. We are not impressed by this fact. "The word 'sale or sales' wherever appearing in Part IX of this Title for the purpose of apportioning net income to Georgia shall be deemed to be the total value of all sales made through or by the offices, agencies, or branches located within this State, regardless of the destination." Code (Ann.) § 92-3002 (n) (Ga. L. 1937, pp: 109, 112) ; *Parke, Davis & Co.* v. *Cook*, 198 *Ga.* 457, supra; *Montag Bros.* v. *State Revenue Commissioner*, 50 *Ga. App.* 660, supra. The 1950 act did not intend to nor did it in fact change this rule. Obviously, that act, by the employment of extremely loose language, sought to spread the tax net as widely as possible. As the Assistant Attorney-General said in his brief, doubtless the 1950 act anticipated our decision in *Redwine* v. *Dan River Mills*, 207 *Ga.* 381, supra, which was rendered on October 9, 1950, after the 1950 act was approved on February 16, 1950, wherein we held that Georgia could not exact the tax claimed because there was no "doing business" in this State. Therefore, the 1950 act contained the clause hereinbefore discussed, which it was thought would authorize the tax even though there was no office or place of business maintained in the State. Our decision in *Stockham Valves & Fittings* v. *Williams*, 213 *Ga.* 713, supra, effectively barred any taxation with no more basis than that.

There are a number of expressions in Code (Ann.) § 92-3113, supra, relating solely to corporations whose income is derived in part from doing business in this State and in part from doing business elsewhere, upon which counsel for the taxpayer seize and emphasize as support for their position. But the conclusive reason why their position is unsound is that this portion of the statute relates solely to those corporations whose income is derived in part only from doing business in Georgia, which, as demonstrated above, is not true in the case of this taxpayer.

Were the taxpayer a corporation with its only office in which all its business of exporting cotton or other products is transacted located in Georgia, and, were all its income derived from shipments to all the nations of Europe upon orders mailed to its

office, and the goods shipped on terms of payment at point of destination, could it be reasonably contended that the shipper would not be liable for income from such operations? The answer is emphatically no. This taxpayer's income is a direct parallel and unquestionably it is liable to this State for income tax upon the net income derived from its entire business operations. Its business is done in Georgia and the destination or origin of its shipment in no wise alters this fact.

By no stretch of the imagination can it be said that our present ruling offends the law of the case as fixed on the former appearance (*State of Georgia* v. *Coca-Cola Bottling Co.*, 212 *Ga.* 630, supra), for the sufficient reason that we there ruled that the plaintiff was not entitled to use the three-factor formula and reversed the Court of Appeals in its affirmance of the lower court in overruling a general demurrer to the petition, thereby rendering nugatory all further proceedings. Any ruling by this court on evidence was purely obiter dicta, since the ruling on the demurrer resulted in all other portions of the Court of Appeals opinion becoming completely void, as pointed out by Judge Felton in *State of Georgia* v. *Coca-Cola Bottling Co.*, 94 *Ga. App.* 506 (95 S. E. 2d 33), wherein that court reversed the trial court in accordance with our ruling. After that decision the plaintiff amended, as pointed out above, and alleged that the entire income involved arose from unsolicited orders received at its only office and place of business, which is located in Georgia, and from which it had no expense in securing these orders. This changed the case factually from the one there ruled upon. It might further be observed that the statement in the former decision that the plaintiff was engaged in selling property both in and out of Georgia does not say it was conducting any business in other States. It was engaged at its only office and place of business here in Georgia. As a result of that engagement it sold to customers in the several States embraced in its territory. This is not saying, nor does it mean, that the plaintiff was engaged in such business elsewhere than in Georgia.

The foregoing rulings show that the amended petition alleged no cause of action and require a reversal of the judgment overruling the general demurrer thereto; and further, that the

counter-suit by the State alleged good grounds for the recovery sought, and it was error to sustain the demurrer thereto. This counter-claim would, had the taxpayer accepted and abided thereby, have encountered the rule that a settlement of a dispute by the parties is binding, but the attempt by the taxpayer to repudiate it by claiming more is a rejection of the settlement, which rejection the State has accepted, and the matter is open to this counter-suit.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents and Wyatt, P. J., and Almand, J., disqualified.*

CANDLER, Justice, dissenting. When this case was here before, the five Justices who presided held that, for the tax years involved, the evidence showed that the plaintiff, a corporate taxpayer, was engaged in the business of selling tangible personal property, both in this State and elsewhere. See *State of Georgia v. Coca-Cola Bottling Co.*, 212 *Ga.* 630 (94 S. E. 2d 708). By so holding, this court affirmed a ruling which the Court of Appeals had previously made in the case on that point. See *State of Georgia v. Coca-Cola Bottling Co.*, 93 *Ga. App.* 609 (2a) (92 S. E. 2d 548). The petition in this case was twice amended after this court's ruling and before the remittitur of the Court of Appeals was made the judgment of the trial court. The amendments, as I construe them, simply allege that the taxpayer, for the years involved, was engaged in the business of selling tangible personal property both in this State and elsewhere, but that in the conduct of its business it employed only one of the three factors making up the formula provided by the act of 1950 (Ga. L. 1950, p. 299), namely, the gross-receipts-ratio factor. Hence, it is my opinion that the law of this case was fixed by our former holding; and this being true, I cannot agree to the ruling now made by the majority.