37203. OXFORD, Commissioner v.
NEHI CORPORATION.

DECIDED DECEMBER 2, 1958—REHEARING DENIED
DECEMBER 16, 1958.

Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General, for plaintiff in error.

Swinson, Elliott & Schloth, J. Robert Elliott, Willis Battle, contra.

Spalding, Sibley, Troutman, Meadow & Smith, for parties at interest not parties to record.

FELTON, Chief Judge. The sole question for decision in this case is whether the *out-of-state sales* of a taxpayer who is engaged in the sale of tangible goods both within and without the state are taxable as Georgia income where the out-of-state deliveries are made under a contract that title to the goods passes to the purchaser at destination and where the three-factor formula provided for by Code (Ann.) § 92-3113 (4) (c) is applicable in determining the taxpayer's tax by reason of the presence of all of the factors making the formula applicable, to wit: (a) the average inventory ratio, (b) the salaries and wages ratio, and (c) the gross receipts ratio. The only difference between this case and the *Coca Cola* case, supra, is that in the *Coca Cola* case the inventory factor was not present. In both cases the pleadings and evidence show the taxpayer engaged in selling within and without the State of Georgia. However, our ruling was that the three-factor formula was applicable for the reasons stated in our opinion and that, where the formula

is applicable, sales to purchasers outside of Georgia where title passed at destination are not Georgia business. In this case the three-factor formula is applicable and the principle enunciated in the stated case is pertinent and controlling. The Supreme Court in *State of Georgia* v. *Coca Cola Bottling Co.*, 212 *Ga.* 630 (94 S. E. 2d 708) reversed this court's decision on one point only and that was that the three-factor formula could not be applied when one of the factors, inventory, was absent. On the second appearance of the *Coca Cola* case the pleadings had been changed so that all of the business was shown to have been done in Georgia and the application of the three-factor formula was not remotely involved. In *State of Georgia* v. *Coca Cola Bottling Co.*, 214 *Ga.* 316 (104 S. E. 2d 574) the court stated: "There is not a single word in the amended petition to even suggest that the plaintiff had or maintained a branch office or place of business at which any of its business was transacted which produced any part of its income." The very opposite is true in this case. The petition shows: That during the year 1950 the taxpayer paid its employees a total of $1,117,831.76, but that only $713,697.87 was paid to employees whose activities were within the State of Georgia. This means that $404,133.89 or approximately 36 percent of the total was paid by the taxpayer during that year to employees whose activities were outside the State of Georgia. In paragraph 12 of the Commissioner's answer, the Commissioner admits that this is the correct wage ratio.

That during the year 1952, the taxpayer paid its employees a total of $1,265,947.75, but that only $825,224.85 was paid to employees whose activities were within the State of Georgia. This means that $440,722.90 or approximately 35 percent of the total was paid by the taxpayer during that year to employees whose activities were outside the State of Georgia. In paragraph 24 of the Commissioner's answer, the Commissioner admits that this is the correct wage ratio.

That during the year 1953, the taxpayer paid its employees a total of $1,264,971.71, but that only $865,646.01 was paid to employees whose activities were within the State of Georgia. This means that $399,325.70 or approximately 32 percent of the

total was paid by the taxpayer during that year to employees whose activities were outside the State of Georgia. In paragraph 35 of the Commissioner's answer, the Commissioner admits that this is the correct wage ratio.

That during the year 1954, the taxpayer paid its employees a total of $1,340,141.29, but that only $952,225.12 was paid to employees whose activities were within the State of Georgia. This means that $387,916.17 or approximately 29 percent of the total was paid by the taxpayer during that year to employees whose activities were outside the State of Georgia. In paragraph 46 of the Commissioner's answer, the Commissioner admits that this is the correct wage ratio.

As we understand the decision of the Supreme Court in the above case it did not purport to overrule or reverse our ruling in *State of Georgia* v. *Coca Cola Bottling Co.*, 93 *Ga. App.* 609 (92 S. E. 2d 548), as it applied to the definition of Georgia business in the use of the three-factor formula inasmuch as the formula was held not to be applicable in that case.

The court did not err in finding in favor of the taxpayer's petition for refund.

*Judgment affirmed. Gardner, P. J., Townsend and Nichols, JJ., concur. Carlisle, JJ., and Quillian dissent.*

CARLISLE and QUILLIAN, JJ., dissenting. We are of the opinion that the evidence submitted by the Nehi Corporation did not support the judgment rendered in its favor, for the reason that while it established that a part of the company's income was derived from sales made from its Columbus, Georgia, office to customers without the State, it did not disclose whether these sales were made on unsolicited orders received from these customers at the Columbus, Georgia, office, or whether the sales were made on orders obtained through the labor of the company's employees who solicited and obtained the orders.

In *State of Georgia* v. *Coca Cola Bottling Co.*, 214 *Ga.* 316 (104 S. E. 2d 574), the Supreme Court held: "Were the taxpayer a corporation with its only office in which all its business of exporting cotton or other products is transacted located in Georgia, and, were all its income derived from shipments to all the nations of Europe upon orders mailed to its office, and the

goods shipped on terms of payment at point of destination, could it be reasonably contended that the shipper would not be liable for income from such operations? The answer is emphatically no. This taxpayer's income is a direct parallel and unquestionably it is liable to this State for income tax upon the net income derived from its entire business operations. Its business is done in Georgia and the destination or origin of its shipment in no wise alters this fact."