**FEDERAL DEPOSIT INSURANCE CORPORATION, Liquidator of Hamilton National Bank of Chattanooga, and Kyle R. Weems, Trustee of Hamilton Mortgage Corporation**

v.

**M. C. HONEA, JR., INC. and M. C. Honea, Jr.**

**Civ. No. C77–915A.**

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 2, 1977.

Amendment to Opinion Dec. 7, 1977.

Lowell H. Hughen and Thomas E. Prior, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for petitioners.

Walter C. Alford, Alford & Hamilton, Tucker, Ga., for respondents.

## MEMORANDUM OPINION

O'KELLEY, District Judge.

Petitioners, Federal Deposit Insurance Corporation and Kyle R. Weems, filed this proceeding on June 2, 1977, seeking confirmation of two foreclosure sales of certain real property that respondent M. C. Honea, Jr., Inc. had conveyed by security deed to Hamilton Mortgage Corporation pursuant to Ga.Code Ann. § 67–1503, which provides:

> When any real estate is sold on foreclosure, without legal process, under powers contained in security deeds, mortgages or other lien contracts, and at such sale said real estate does not bring the amount of the debt secured by such deed, mortgage, or contract, *no action may be taken to* obtain a deficiency judgment *unless the person instituting the foreclosure proceeding shall*, within 30 days after such sale, *report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval,* and obtains an order of confirmation and approval thereon.

(Emphasis added.) During trial on the merits on August 17, 1977, respondents asserted a defense to these proceedings based upon the petitioners' alleged failure to comply with Ga.Code Ann. § 67–1503 · in that they did not report the foreclosure sales in suit to the judge of the superior court in which the land lies. Specifically, respondents argue that because the statute in question is in derogation of the common law, it must be strictly construed and that a report of the sale to the judge of the superior court in which the land lies is required, irrespective of jurisdiction and venue. The respondents differentiate between commencement of a confirmation proceeding by *"filing"* the petition with the court and the specific statutory requirement that the sale be *"reported to the judge of the superior court in which the land lies"* whether or not a civil action has commenced. *See Dukes v. Ralston Purina Co.,* 127 Ga.App. 696, 194 S.E.2d 630 (1972). Contrariwise, petitioners argue that the act of reporting the sale is not an end in and of itself and serves no purpose except in connection with "confirmation and approval." Petitioners submit that when the confirmation proceedings are heard in federal court the confirmation statute, reasonably construed, requires only that the foreclosure sale be reported to the judge of the court in which proceedings are to be heard. *Cf. State of Georgia v. Coca-Cola Bottling Co.,* 212 Ga. 630, 94 S.E.2d 708 (1956).

■ Initially, the court notes that federal jurisdiction in the case *sub judice* is being invoked because the FDIC is a party and because the confirmation application is a "civil action to wind up the affairs" of an insolvent national banking association under 28 U.S.C. § 1348. In *FDIC v. Realtract, Inc.,* Civil Action No. C77–12A (N.D.Ga. May 25, 1977) (Henderson, J.), the respondents challenged the use of 28 U.S.C. § 1348 as a basis of federal jurisdiction over similar confirmation proceedings by arguing that an action for confirmation of foreclosure sales is merely an administrative proceeding and is not a "civil action." Rejecting such challenges, the court in *Realtract* found that "because of the vital national interest in a speedy and just liquidation of

national banks, where insolvency occurs, Congress expressly conferred federal jurisdiction over actions affecting the liquidation." *Realtract, supra.* *See also FDIC v. M. O. Lee Construction Co.,* Civil No. CV477–115 (S.D.Ga. Oct. 4, 1977) (Lawrence, J.). In view of the diminishing need for a local trial judge having the unique expertise needed to evaluate a property's true market value in its locality,[1] this court joins in and reaffirms this finding in *Realtract.* Moreover, this court emphasizes that however extensive the power of a state to create and define substantive rights, it has no power to limit or defeat the jurisdiction of the federal courts:

> [I]t is apparent that a court, in determining its own jurisdiction, must look to the constitution and laws of the sovereignty which created it. The laws of the state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state. *It necessarily follows that whenever a state provides a substantive right and a remedy for its enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States.*

(Emphasis added.) *Markham v. City of Newport News,* 292 F.2d 711 (4th Cir. 1961).

■ Given this clear finding of federal jurisdiction over actions for confirmation of foreclosure sales involving liquidation of national banks such as the case *sub judice,* this court favors the construction of the statute proffered by petitioners. First, by reporting the foreclosure sale to a state court judge a petitioner could conceivably cause a state court confirmation action to be initiated. Because only a defendant can remove an action from state court to federal court, it would appear that a conceivable result of requiring a report of the foreclosure sale to the state court judge would be to indirectly preclude federal jurisdiction. Such a result is clearly impermissible. *See Markham, supra.* The right to proceed in federal court cannot be conditioned upon an indirect "commencement" of state court proceedings. Second, if no state action is initiated by the act of reporting the sale to the superior court judge, then the superior court judge would have nothing further to do with the case, in which event such a requirement would result not only in a waste of the superior court judge's time but also would result in a delay of the proceedings in federal court. In this court's view, Ga.Code Ann. § 67–1503 contemplates that the report of the sale be received by the same judge who is to confirm and approve the sale. Thus, if the confirmation action is brought in federal court, then the report must be made to the appropriate federal judge rather than to the judge of the superior court of the county in which the land lies. Therefore, the respondents' contention in this regard is denied.

## AMENDMENT TO MEMORANDUM OPINION OF NOVEMBER 2, 1977

On November 18, 1977, following rehearing en banc, the Georgia Court of Appeals reversed the prior panel decision in *F.D.I.C. v. Ivey-Matherly Construction Co.,* No. 54234 (Ga.App. Oct. 3, 1977), overruled *Wachovia Mortgage Co. v. Moore,* 138 Ga.App. 101, 225 S.E.2d 460 (1976), and held that Ga. Code Ann. § 67–1504 requires that "the trial judge make a determination as to whether the sale brought the property's true market value . . . not whether the price was grossly inadequate." *F.D.I.C. v. Ivey-Matherly Construction Co.,* Ga.App., (1977). Thus, to the extent that under this most recent pronouncement the confirming court is required to undertake an evaluation of the true market value of the property on the date of the sale, it appears that, in some

---

1. In *FDIC v. Ivey-Matherly Construction Co.,* No. 54234 (Ga.App. Oct. 3, 1977), the court followed precedent and held that a refusal to confirm a foreclosure sale is justified only when the price realized is "grossly inadequate" and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price.

cases, a local trial judge in the county in which the land lies may, in fact, be better equipped to determine whether a particular sale should be confirmed. However, this does not mean that a federal judge, with the assistance of independent appraisals, is not equally competent to evaluate local property values. Moreover, there can be no doubt that a local judge is not needed to review and test the fairness of the technical procedures followed in the course of the actual sale. In short, although the en banc reversal in *Ivey-Matherly* means that in some instances it would be preferable to have the trial judge in the county in which the real property in suit is located determine whether a sale should be confirmed, because Congress has expressly conferred jurisdiction to the federal courts over the case *sub judice,* this court expressly adheres to its findings in the original memorandum opinion of November 2, 1977.

IT IS SO ORDERED this 7th day of December, 1977.